## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

**MARSHA ANTHONY,**
**individually and on behalf of**
**all others similarly situated,**
       **Plaintiff,**

   **v.**

                                      **CASE NO. 20-CV-140**

**G & L ENTERPRISES OF HURLEY, LLC**
**d/b/a Full Moon Saloon,**

**ALICAT ENTERPRISES, LLC,**
**d/b/a Full Moon Saloon,**

    **and**

**CRAIG D. LINDQUIST,**
        **Defendants.**

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiff Marsha Anthony, individually and on behalf of the members of the proposed classes identified below. Plaintiff Marsha Anthony and the putative class members are, or were, employees of Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon, Alicat Enterprises, LLC, d/b/a Full Moon Saloon, and Craig D. Lindquist at times since February 17, 2017 (the "Statutory Period") working as exotic dancers. Within the Statutory Period, Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon, Alicat Enterprises, LLC, d/b/a Full Moon Saloon, and Craig D.

Lindquist have had uniform policies and practices of failing to pay Plaintiff Marsha Anthony and the putative class members minimum wages and overtime premium compensation for all hours worked in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin law. Since February 17, 2018, Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon, Alicat Enterprises, LLC, d/b/a Full Moon Saloon, and Craig D. Lindquist have also fined Plaintiff Marsha Anthony and the putative class members or otherwise took deductions from their compensation in violation of Wis. Stat. § 103.455.

2.      As a result, Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon, Alicat Enterprises, LLC, d/b/a Full Moon Saloon, and Craig D. Lindquist have denied Plaintiff Marsha Anthony and the putative class members of minimum wages and overtime compensation in violation of the FLSA. Plaintiff Marsha Anthony brings this action, individually and on behalf of other similarly situated current and former employees of Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon, Alicat Enterprises, LLC, d/b/a Full Moon Saloon, and Craig D. Lindquist, as a collective action pursuant to the FLSA for the purpose of obtaining relief under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

3.      In addition to not being paid minimum wage or overtime compensation, Plaintiff Marsha Anthony and the putative class members have been subject to multiple illegal fines as a result of the policies of Defendants G & L

Enterprises of Hurley, LLC, d/b/a Full Moon Saloon, Alicat Enterprises, LLC, d/b/a Full Moon Saloon, and Craig D. Lindquist. Plaintiff Marsha Anthony brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, unpaid overtime compensation, unpaid agreed upon wages, illegal deductions, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

5.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to the claims occurred within the district and Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon, Alicat Enterprises, LLC, d/b/a Full Moon Saloon, and Craig D. Lindquist have and have had substantial and systematic contacts in this district within the relevant statutory periods.

## PARTIES

7.    Defendants G & L Enterprises of Hurley, LLC is a Wisconsin Limited Liability Company with its principal place of business in Hurley Wisconsin.

8.    Defendant G & L Enterprises of Hurley, LLC does business as and operates a gentlemen's club featuring female semi-nude exotic dancers in Hurley Wisconsin.

9.    Defendant G & L Enterprises of Hurley, LLC's registered agent of service is Craig D. Lindquist, 13 Silver Street, Hurley, Wisconsin, 54534.

10.    Defendants Alicat Enterprises, LLC was a Wisconsin Limited Liability Company with its principal place of business in Hurley Wisconsin.

11.    Defendant Alicat Enterprises, LLC has done business as and operates a gentlemen's club featuring female semi-nude exotic dancers in Hurley Wisconsin.

12.    Defendant Alicat Enterprises, LLC's registered agent of service is Craig D. Lindquist, 13 Silver Street, Hurley, Wisconsin, 54534.

13.    Defendant Craig D. Lindquist ("Lindquist") owns and operates Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon and Alicat Enterprises, LLC, d/b/a Full Moon Saloon.

14.    Defendant Lindquist oversees the day-to-day operations of Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon and Alicat Enterprises, LLC, d/b/a Full Moon Saloon and has operational control of the companies. Defendant Lindquist has control over all human resources and compensation aspects of Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon and Alicat Enterprises, LLC, d/b/a Full Moon Saloon operations. Defendant

Lindquist can hire, fire, and discipline employees of Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon and Alicat Enterprises, LLC, d/b/a Full Moon Saloon, including its exotic dancers. Defendant Lindquist determined the rates and methods of compensation for the employees of Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon and Alicat Enterprises, LLC, d/b/a Full Moon Saloon, including its exotic dancers.

15.     Joinder of Defendants is proper pursuant to Fed.R.Civ.P. 20(a)(2) because Plaintiff's rights to relief are asserted against all Defendants and are arising out of the same series of occurrences and common questions of law and fact.

16.     Defendants G & L Enterprises of Hurley, LLC, d/b/a Full Moon Saloon, Alicat Enterprises, LLC, d/b/a Full Moon Saloon, and Craig D. Lindquist will be collectively referred to hereinafter as "Full Moon Saloon."

17.     Plaintiff Marsha Anthony ("Anthony") is an adult who resides in Appleton Wisconsin. Plaintiff Anthony's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint.

18.     Plaintiff Anthony has worked for Full Moon Saloon as an exotic dancer at times since approximately 2018.

19.     Plaintiff Anthony brings this action on behalf of herself and all other similarly situated employees in the FLSA Minimum Wage Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Full Moon
> Saloon since February 17, 2017.

20.   Plaintiff Anthony brings this action on behalf of herself and all other similarly situated employees in the FLSA Overtime Wage Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Overtime Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Full Moon
> Saloon for more than forty hours in any workweek since
> February 17, 2017.

21.   Plaintiff Anthony brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Minimum Wage Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Minimum Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Full Moon
> Saloon since February 17, 2018.

22.   Plaintiff Anthony brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Overtime Wage Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Overtime Wage Class** is defined as follows:

> All persons who worked as an exotic dancer for Full Moon
> Saloon for more than forty hours in any workweek since
> February 17, 2018.

23.   Plaintiff Anthony brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Deductions Class pursuant to FED.R.CIV.P. 23. The **Wisconsin Deductions Class** is defined as follows:

> All persons who worked as an exotic dancer for Full Moon
> Saloon in Wisconsin and who were subjected to and
> deduction at any time since February 17, 2018.

24.     The FLSA Minimum Wage Class and The FLSA Overtime Class will be referred collectively hereinafter as the "Collective Classes."

25.     The Wisconsin Minimum Wage Class, the Wisconsin Overtime Class, and the Wisconsin Deductions Class, will be referred to collectively hereinafter as the "Wisconsin Classes."

26.     The FLSA Minimum Wage Class, The FLSA Overtime Class, the Wisconsin Minimum Wage Class, the Wisconsin Overtime Class, and Wisconsin Deductions Class will be referred to collectively hereinafter as the "Classes."

## GENERAL ALLEGATIONS

27.     Plaintiff Anthony and the Collective Classes work, or have worked, as exotic dancers for Full Moon Saloon at times since February 17, 2017.

28.     Plaintiff Anthony and the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and the Wisconsin Deductions Class work, or have worked, as exotic dancers for Full Moon Saloon since February 17, 2018.

29.     Since February 17, 2017, Full Moon Saloon has operated a Gentleman's Club providing exotic dancers for its customers' entertainment.

30.     Full Moon Saloon labels the members of the Classes as "independent contractors."

31.     Despite using the label of "independent contractor," Full Moon Saloon retains the absolute right to control and direct the work of the members of the Classes.

32.     Full Moon Saloon requires the members of the Classes to show up at set times. When the members of the Classes arrive late, Full Moon Saloon assesses fines against them.

33.     If a member of the Classes does not report to the stage when it is her turn to perform, Full Moon Saloon will fine her.

34.     Full Moon Saloon requires the members of the Classes to sell an average of five drinks each night she works. These drinks were made with alcohol that was moved in interstate commerce.

35.     Full Moon Saloon requires the members of the Classes be ready to perform when Full Moon Saloon opens to the public.

36.     Full Moon Saloon requires the members of the Classes to remain at Full Moon Saloon and dancing until the Full Moon Saloon closes. If a member of the Classes leaves prior to when Full Moon Saloon closes, Full Moon Saloon will fine her.

37.     Full Moon Saloon sets the rate which the members of the Classes must charge for lap dances.

38.     On Sunday through Thursday nights, Full Moon Saloon requires the members of the Classes use a jukebox which streams music over the internet when performing on stage.

39.     The members of the Classes provide the very service that Full Moon Saloon primarily offers – exotic dancing services for paying customers.

40.     The members of the Classes are paid by Full Moon Saloon's customers on a per dance basis and tips.

41.     The members of the Classes must pay Full Moon Saloon $5.00 per private dance song performed for Full Moon Saloon's customers by members of the Classes.

42.     As an example, the members of the Classes are required to charge $25.00 for one lap dance. Of that $25.00 the members of the Classes receive from the customer, the members of the Classes must pay Full Moon Saloon a fee of $5.00.

43.     Full Moon Saloon has not provided the members of the Classes an IRS Form 1099-MISC reflecting the portion of the money Full Moon Saloon's customers pay to the members of the Classes.

44.     Full Moon Saloon does not pay the members of the Classes an hourly wage.

45.     Full Moon Saloon pays members of the Classes $50.00 "base pay" per night, but this "base pay" is subject to substantial deductions and fines.

46.     Full Moon Saloon reduces the base pay and requires members of the Classes to tip out the bartender each night.

47.     Full Moon Saloon reduces the base pay by charging the members of the Classes for music each night.

48.     Full Moon Saloon reduces the base pay if a member of the Classes arrives after Full Moon Saloon opens.

49.    Full Moon Saloon reduce the base pay for drinks consumed by members of Classes at menu price.

50.    Full Moon Saloon requires members of the Classes to pay for music each night.

51.    Full Moon Saloon does not obtain a tip declaration from members of the Classes recording all tips earned by them.

52.    As a result of Full Moon Saloon's above uniform policies, members of the Classes were neither paid minimum wages nor overtime compensation for all hours worked over forty (40) hours in a workweek at various times since February 17, 2017.

53.    Since February 17, 2017, Full Moon Saloon has imposed various "fines" on members of the Classes for alleged violations of Full Moon Saloon's company policies.

54.    The deductions for fines assessed by Full Moon Saloon have not been authorized in writing by members of the Classes.

55.    As an example, company policy strictly requires that members of the Classes are ready and on the floor dancing by the start of their scheduled shifts. If they are not at Full Moon Saloon or ready to work at that set time, they are fined.

56.    As an example, if a member of the Classes was not on the floor enough, she was subject to a fine from Full Moon Saloon reducing her base pay.

57.    As a result of Full Moon Saloon's uniform practice to impose various punitive fines on members of the Classes, Full Moon Saloon took illegal deductions from members of the Classes at various times since February 17, 2018.

58.    Full Moon Saloons' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Anthony and the Classes.

59.    Plaintiff Anthony worked for Full Moon Saloon as a bartender from in or around the summer of 2019 through January of 2020 when she was demoted back to being a dancer.

60.    When working as a bartender, Plaintiff Anthony was paid $50.00 per day.

61.    In addition to working from 7:00 P.M. to 2:00 A.M. (2:30 A.M on Fridays and Saturdays), Plaintiff Anthony spent about two and a half hours cleaning and restocking the bar outside of these hours for each night she worked.

62.    Full Moon Saloon did not obtain a tip declaration from Plaintiff Anthony.

63.    As a result of the above, during the period Plaintiff Anthony worked as a bartender for Full Moon Saloon, Full Moon Saloon failed to pay her minimum and overtime wages in violation of state and federal law.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

64.    Plaintiff Anthony and the Collective Classes that she brings this action on behalf of, are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Full Moon Saloon's

decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them a minimum wage for each hour worked and overtime compensation for each hour worked over forty (40) hours in one workweek. The claims of Plaintiff Anthony stated herein are the same as those of the Collective Classes she seek to represent.

65.     Plaintiff Anthony and the Collective Classes seek relief on a collective basis and challenge Full Moon Saloon's policies and practices which lead to federal wage violations.

66.     As a result of the above alleged uniform pay practices, Full Moon Saloon has failed to pay Plaintiff Anthony and the FLSA Minimum Wage Class the required minimum wages for all hours worked.

67.     As a result of the above alleged uniform pay practices, Full Moon Saloon has failed to pay Plaintiff Anthony and the FLSA Overtime Class overtime compensation for all hours worked over forty (40) in a workweek.

68.     The Collective Classes are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Full Moon Saloon. Notice can be provided to the Collective Classes via first class mail to the last address known to Full Moon Saloon and through posting at Full Moon Saloon's Milwaukee, Wisconsin location in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

69.     Plaintiff Anthony brings her Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Classes for violations occurring on or after February 17, 2018.

70.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Full Moon Saloon.

71.      The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Full Moon Saloon, upon information and belief, there are at least 40 members in the Wisconsin Classes.

72.     Plaintiff Anthony's minimum wage and illegal deductions claims are typical of those claims which could be alleged by any member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class in separate actions. The alleged claims arise out of the same corporate practices of Full Moon Saloon and Full Moon Saloon benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Minimum Wage Class and Wisconsin Deductions Class member. Plaintiff Anthony and other members of the Wisconsin Minimum Wage Class and

the Wisconsin Deductions Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

73.     Plaintiff Anthony is able to fairly and adequately protect the interests of the Wisconsin Minimum Wage Class and the Wisconsin Deductions Class and has no interests antagonistic to the Wisconsin Class.

74.     Plaintiff Anthony's overtime claim is typical of those claims which could be alleged by any member of the Wisconsin Overtime Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Overtime Class in separate actions. The alleged claims arise out of the same corporate practices of Full Moon Saloon and Full Moon Saloon benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Overtime Class member. Plaintiff Anthony and other members of the Wisconsin Overtime Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

75.     Plaintiff Anthony is able to fairly and adequately protect the interests of the Wisconsin Overtime Class and has no interests antagonistic to the Wisconsin Class.

76.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members, such as:

a)  Whether Full Moon Saloon's exotic dancers are employees or independent contractors;

b) Whether Full Moon Saloon violated Wisconsin's wage and hour laws by failing to pay Plaintiff Anthony and the Wisconsin Minimum Wage Class the applicable minimum wage rate for all hours worked;

c) Whether Full Moon Saloon violated Wisconsin's wage and hour laws by failing to pay Plaintiff Anthony and the Wisconsin Overtime Class the applicable overtime compensation rate for all hours worked over forty (40) hours in one workweek;

d) Whether Full Moon Saloon violated Wisconsin law by imposing a series of fines on Plaintiff Anthony and the Wisconsin Deductions Class for alleged violations of company policy;

e) Whether Full Moon Saloon obtained authorization, in writing, prior to fining its exotic dancers; and

f) Whether Full Moon Saloon's actions as described in this Complaint were willful violations of Wisconsin law.

77.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a wealthy corporate Defendant, particularly those with relatively small claims.

78.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations

of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended

79.     Plaintiff Anthony, on behalf of herself and the Collective classes, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

80.     Since February 17, 2017, Plaintiff Anthony and the Collective Classes have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

81.     Full Moon Saloon is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

82.     Plaintiff Anthony and the Collective Classes have engaged in interstate commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1).

83.     Since February 17, 2017, Full Moon Saloon was an employer of Plaintiff Anthony and the Collective Classes as provided under the FLSA.

84.     As a result of the above alleged practices, Full Moon Saloon violated the FLSA by failing to account for and compensate Plaintiff Anthony and the FLSA Minimum Wage Class at the applicable minimum wage rate since February 17, 2017.

85.     As a result of the above alleged practices, Full Moon Saloon violated the FLSA by failing to account for and compensate Plaintiff Anthony and the FLSA

Overtime Class at the applicable overtime compensation rate since February 17, 2017.

86.     Plaintiff Anthony and the FLSA Minimum Wage Class are entitled to damages equal to the mandated minimum wage since February 17, 2017, plus periods of equitable tolling because Full Moon Saloon acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

87.     Plaintiff Anthony and the FLSA Overtime Class are entitled to damages equal to the mandated overtime compensation rate since February 17, 2017, plus periods of equitable tolling because Full Moon Saloon acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

88.     Full Moon Saloon has failed to post certain information regarding the FLSA in its establishment.

89.     Full Moon Saloon's failure to properly compensate Plaintiff Anthony and the FLSA Minimum Wage Class was willfully perpetrated and Plaintiff Anthony and the FLSA Minimum Wage Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

90.     Full Moon Saloon's failure to properly compensate Plaintiff Anthony and the FLSA Overtime Class was willfully perpetrated and Plaintiff Anthony and the FLSA Overtime Class are therefore entitled to recover an award of liquidated

damages in an amount equal to the amount of unpaid overtime compensation described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

91.     Alternatively, should the Court find that Full Moon Saloon did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Anthony and the Collective Classes are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
## Violation of Wisconsin Law – Unpaid Minimum and Overtime Wages

92.     Plaintiff Anthony, on behalf of herself and members of the Wisconsin Classes, re-allege and incorporate all previous paragraphs as if they were set forth herein.

93.     Since February 17, 2018, Plaintiff Anthony and the members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

94.     Since February 17, 2018, Plaintiff Anthony and the members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

95.     Since February 17, 2018, Plaintiff Anthony and members of the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

96.     Since February 17, 2018, Plaintiff Anthony and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

97.     Since February 17, 2018, Plaintiff Anthony and members of the Wisconsin Classes were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

98.     Since February 17, 2018, Full Moon Saloon was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

99.     Since February 17, 2018, Full Moon Saloon was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

100.    Since February 17, 2018, Full Moon Saloon was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

101.    Since February 17, 2018, Full Moon Saloon was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

102.    Since February 17, 2018, Full Moon Saloon was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

103.    Since February 17, 2018, David Lindquist has employed, and/or continues to employ Plaintiff Anthony and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

104.    Since February 17, 2018, David Lindquist has employed, and/or continues to employ Plaintiff Anthony and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

105.   Since February 17, 2018, David Lindquist has employed, and/or continues to employ Plaintiff Anthony and the members of the Wisconsin Classes as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

106.   Since February 17, 2018, David Lindquist has employed, and/or continues to employ Plaintiff Anthony and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

107.   Since February 17, 2018, David Lindquist has employed, and/or continues to employ Plaintiff Anthony and the members of the Wisconsin Classes as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

108.   Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

109.   The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum and overtime wages.

110.   As set forth above, Plaintiff Anthony and the members of the Wisconsin Classes have not received legally required compensation as a proximate result of Full Moon Saloon's violations. Accordingly, Plaintiff Anthony, on behalf of herself and the Wisconsin Classes, seek damages in the amount of their respective unpaid minimum wage and overtime compensation, injunctive relief requiring Full Moon Saloon to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff Anthony and the

Wisconsin Classes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

111.   Plaintiff Anthony, on behalf of herself and the Wisconsin Classes, seeks recovery of attorneys' fees and the costs of this action to be paid by Full Moon Saloon, pursuant to the Wisconsin law.

**THIRD CLAIM FOR RELIEF**
**<u>Violation of Wisconsin Law – Individual Unpaid Minimum and Overtime</u>**

112.   Plaintiff Anthony, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

113.   Since February 17, 2018, Plaintiff Anthony and the Wisconsin Deductions Class members were subject to Full Moon Saloon's common policies, programs, practices, procedures, protocols, routines, and rules of willfully fining Plaintiff Anthony and the Wisconsin Deductions Class in violation of Wis. Stat. § 103.455.

114.   As set forth above, Plaintiff Anthony and the Wisconsin Deductions Class members have sustained losses as a result of Full Moon Saloon's fines. Accordingly, Plaintiff Anthony, on behalf of herself and the Wisconsin Deductions Class, seek damages in the amount of the fines taken within the relevant statutory period, injunctive relief requiring Full Moon Saloon to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 103.455, Plaintiff Anthony and the Wisconsin Deductions Class are entitled to twice the amount of the illegal deductions.

115.    Plaintiff Anthony, on behalf of herself and the Wisconsin Deductions Class, seek recovery of attorneys' fees and the costs of this action to be paid by Full Moon Saloon, pursuant to the Wisconsin law.

**FOURTH CLAIM FOR RELIEF**
**<u>Violation of Wisconsin Law – Individual Unpaid Minimum Wage and Overtime Claims While Bartending</u>**

116.    Plaintiff Anthony, on behalf of herself, re-allege and incorporate all previous paragraphs as if they were set forth herein.

117.    While employed by Full Moon Saloon as a bartender, Full Moon Saloon failed to pay Plaintiff Anthony minimum wages for all hours worked.

118.    While employed by Full Moon Saloon as a bartender, Full Moon Saloon failed to pay Plaintiff Anthony overtime wages for all hours worked over forty in a workweek.

119.    As set forth above, Plaintiff Anthony has not received legally required compensation as a proximate result of Full Moon Saloon's violations. Accordingly, Plaintiff Anthony, on her own behalf when working as a Bartender, seeks damages in the amount of her unpaid minimum wage and overtime compensation, injunctive relief requiring Full Moon Saloon to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff Anthony may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**FIFTH CLAIM FOR RELIEF**

## Violation of FLSA – Individual Unpaid Minimum Wage and Overtime Claims While Bartending

120.    Plaintiff Anthony, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

121.    While employed by Full Moon Saloon as a bartender, Full Moon Saloon failed to pay Plaintiff Anthony minimum wages for all hours worked.

122.    While employed by Full Moon Saloon as a bartender, Full Moon Saloon failed to pay Plaintiff Anthony overtime wages for all hours worked over forty in a workweek.

123.    Plaintiff Anthony is entitled to damages equal to the mandated minimum and overtime compensation rate since February 17, 2017 when she was employed as a bartender.

124.    Full Moon Saloon's failure to properly compensate Plaintiff Anthony was willfully perpetrated and Plaintiff Anthony is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

125.    Full Moon Saloon's failure to properly compensate Plaintiff Anthony was willfully perpetrated and Plaintiff Anthony is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Anthony, on behalf of herself and on the behalf of all members of the Collective Classes, Wisconsin Classes, and the Wisconsin Deductions Class request the following relief:

a) An Order designating this action as a collective action on behalf of the Collective Classes and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An Order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c) An Order designating Plaintiff Anthony as the Named Plaintiff and as representative of the Collective Classes, Wisconsin Classes and Deduction Class set forth herein;

d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Full Moon Saloon's actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

f) An Order finding that Full Moon Saloon violated the FLSA and Wisconsin's wage and hour law;

g) An Order finding that these violations were willful;

h) Judgment against Full Moon Saloon in the amount equal to the Plaintiff Anthony's, the Collective Classes', the Wisconsin Classes', and the Wisconsin Deduction Class' unpaid wages at the applicable minimum wage and overtime rates;

i) An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

k) Such further relief as the Court deems just and equitable.

Dated this 17th day of February, 2020.

Respectfully submitted,

*<u>s/ Larry A. Johnson</u>*
Larry A. Johnson
Bar Number 1056619
Summer H. Murshid
Bar Number 1075404
Timothy P. Maynard
Bar Number 1080953
Attorneys for Plaintiff

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI  53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail:  ljohnson@hq-law.com
           smurshid@hq-law.com
           tmaynard@hq-law.com